# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THERESA CEDEROTH, KATHRYN BROOM, BEVERLY FREEMAN, DENNIS FAZEKAS, and CHRISTOPHER SIMMS, on behalf of themselves and other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC, and ENCORE CAPITAL GROUP, INC., formerly MCM CAPITAL GROUP, INC.,<br><br>Defendants. | Case No. 1:13-cv-00447<br><br>Honorable Elaine E. Bucklo |

## DEFENDANTS' UNOPPOSED MOTION TO FILE DOCUMENT UNDER SEAL

Defendants Midland Credit Management, Inc., Midland Funding, LLC, and Encore Capital Group, Inc. (collectively, "Defendants") respectfully request leave to file under seal portions of their Reply In Support of their Motion to Compel Arbitration and Stay Trial Court Proceedings ("Reply") because it contains information from the Receivables Purchase Agreement between HSBC Card Services (III) Inc. and Defendants, which was produced pursuant to the Protective Order entered by this Court on June 4, 2013, and attached as Appendix 1 to Plaintiff's Response in Opposition to the Motion to Compel Arbitration and Stay Trial Court Proceedings ("Response"). In support, Defendants state:

1. On May 8, 2013, Defendants filed their Motion to Compel Arbitration and Stay Trial Court Proceedings ("Motion"). DE 32-37.

2. Thereafter, Plaintiff moved to conduct discovery regarding the Motion and the parties agreed upon production of certain documents under protective order, including the

Purchase Agreement for Midland Funding's purchase of Plaintiff Cederoth's account ("Purchase Agreement"). DE 41.

3. On June 4, 2013, the Court entered a protective order providing for the designation of confidential documents, the use of such documents, and other matters, and which named the Purchase Agreement as a confidential document ("Protective Order"). DE 49, ¶ 11.

4. In the Response, Plaintiff marked as Appendix 1 the Purchase Agreement, which was produced pursuant to the Protective Order entered by this Court on June 4, 2013. In the Response, Plaintiff also cites to and quotes the Receivables Purchase Agreement.

5. On June 28, 2013, Plaintiff filed a motion requesting leave to file her Response under Seal due to its references to the Purchase Agreement and the attachment of it as an exhibit. DE 51-54.

6. On July 10, 2013, the Court granted Plaintiff's motion. DE 58.

7. In the Reply, Defendants quote the Purchase Agreement and discuss its contents in responding to Plaintiff's arguments regarding it. Pursuant to Paragraph 7 of the Protective Order, Defendants wish to redact those sections of the Reply to maintain the confidentiality of the Purchase Agreement.

8. Accordingly, Defendants seek leave to file the Reply under seal. A redacted copy of the Reply is attached as Exhibit A.

9. Pursuant to Rule 37.2 of the Local Rules of the U.S. District Court for the Northern District of Illinois, Plaintiff's counsel has conferred with Plaintiff's counsel who has indicated that Plaintiff does not oppose this motion.

WHEREFORE, Defendants respectfully request that this Court grant this motion for leave to file Defendants' Reply In Support of their Motion to Compel Arbitration and Stay Trial Court Proceedings under seal and for any other relief this Court deems just.

Respectfully submitted,

Dated: July 11, 2013

**ENCORE CAPITAL GROUP, INC., MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING, LLC**

By: /s/ Amy R. Jonker
Theodore W. Seitz (tseitz@dykema.com)
Todd Gale (tgale@dykema.com)
Amy R. Jonker (ajonker@dykema.com)
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
Phone: 312-876-1700
Fax: 312-627-2302

GR01\190397.2
ID\ARJ - 097356\0175